AO 106 (Rev. 04/10) Application for a Search Warrant                          AUTHORIZED AND APPROVED/DATE: ___EMJ 1/05/2024___

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH LIFE360 ACCOUNT ASSOCIATED WITH THE EMAIL ADDRESS OF akem7397@usao.edu THAT IS STORED AT PREMISES CONTROLLED BY LIFE360, INC.

Case No. MJ-24-21-STE

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A," which is attached and incorporated by reference herein.

located in the   Northern   District of   California  , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment "B," which is attached and incorporated by reference herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) | Distribution of Fentanyl |
| 21 U.S.C. 846 | Drug Conspiracy |

The application is based on these facts:

See attached Affidavit of DEA Special Agent Brook J. Wilson, which is incorporated by reference herein.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Brook J. Wilson, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Jan 5, 2024

*Judge's signature*

City and state: Oklahoma City, Oklahoma

SHON T. ERWIN, U.S. MAGISTRATE JUDGE
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH LIFE360 ACCOUNT ASSOCIATED WITH THE EMAIL ADDRESS OF akem7397@usao.edu THAT IS STORED AT PREMISES CONTROLLED BY LIFE360, INC. | Case No. MJ-24-21-STE<br><br>Filed Under Seal |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, DEA Special Agent Brook Wilson, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this Affidavit in support of an application for a search warrant for information that is associated with the Life360 account associated with the email address "akem7397@usao.edu" (hereinafter, the "**TARGET ACCOUNT**"). This information is stored at premises controlled by Life360, Inc. (hereinafter, the "**PROVIDER**"), an electronic communications services provider and/or remote computing services provider, which is headquartered at / which accepts service at 539 Bryant Street, Suite 402, San Francisco, CA 94107.

2. The information to be searched is described in the following paragraphs and in Attachment A. This Affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require **PROVIDER** to disclose to the government copies of the information (including the contents of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-

authorized persons will review that information to locate the items described in Section II of Attachment B.

3. I am a Special Agent ("SA") of the Drug Enforcement Administration ("DEA"). As such, I am "an investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in Title 18, United States Code, Section 2516. I have been a SA with DEA for approximately 8 years, and I have worked numerous conspiracy investigations, including Title III wire cases, and complex, multi-jurisdictional investigations. I am well versed in a multitude of investigative methods, including working confidential sources, interviews, arrests, search warrants, seizure warrants, and analyzing cellular phone data.

4. The facts set forth in this Affidavit are based upon my personal observations, my training and experience, reports provided to me by other law enforcement officers, and statements made by witnesses and other concerned parties. Since this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, I have not included each and every fact known to me concerning this investigation.

5. Based on the facts set forth in this Affidavit, there is probable cause to believe that violations of 21 U.S.C. § 841 have been committed that lead to the death of Morgan Kemery. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.

### JURISDICTION

6. This Court has jurisdiction to issue the requested warrant because it is a "court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A).

Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, acts in furtherance of the offenses under investigation occurred within the Western District of Oklahoma.

## PROBABLE CAUSE

7. On December 5, 2023, officers with the Blanchard Police Department ("BPD") responded to 619 N. Monroe, Blanchard, Oklahoma 73010 (located within the Western District of Oklahoma) in reference to an unresponsive female at the residence. Upon arrival at the residence, it was determined that the subject, Morgan Kemery ("Kemery"), was deceased. A search of the area surrounding Kemery revealed a cellular telephone belonging to Kemery, a bundle of white bar tablets, and a piece of tinfoil with residue that appeared to have been used recently. Believing this to be a scene of a suspected fentanyl overdose death, BPD contacted the DEA Oklahoma City District Office, Tactical Diversion Squad.

8. On December 6, 2023, investigators with the DEA responded to assist and were able to conduct a field test of the tinfoil collected by BPD. The residue on the tinfoil tested presumptively positive for the presence of fentanyl. The bar tablets seized appeared to investigators to be counterfeit, Xanax-styled benzodiazepines and did not test for fentanyl. BPD gave investigators Kemery's cellular telephone, with the passcode that had been provided by Kemery's boyfriend. Investigators were able to identify Facebook Messenger messages (utilizing Kemery's Facebook username "Morgan Kemery" with Facebook account "morgan.kemery.3") between Kalub ROBINSON and Kemery on December 4, 2023. In these messages, ROBINSON and Kemery discuss needing to be careful around fentanyl, as well as the prices for Xanax tablets. Additionally, investigators located a pending CashApp transaction between Kemery and an account with the name Kalub Lynn Robinson for $21 on December 4, 2023 at 2:21 a.m. This is the only Cashapp transaction identified on December 4, 2023.

9. Investigators identified Dalton Vance ("Vance") as one of the last people who had been with Kemery, based on information in Kemery's cellular telephone. After an interview conducted with Vance, investigators spoke with Vance's mother, Misty Janke ("Janke"), who had an hour-long conversation with Kemery the night prior to Kemery's death. Janke stated that she knew some people who might be of interest to investigators based on her knowledge of the substance abuse issues of Kemery and her friends/associates. Janke provided the name Jordan Stickney ("Stickney") as an associate of Kemery. Investigators located Stickney at her residence, and she agreed to assist investigators in any way possible.

10. Stickney stated that she has an addiction to fentanyl and that she uses approximately 20 fentanyl tablets a day. Stickney stated that Kemery visited her (Stickney) shortly before Kemery's death to obtain some fentanyl, but that she (Stickney) did not provide Kemery with any fentanyl. Stickney stated that Kemery then met with ROBINSON, which was later corroborated by entering ROBINSON's address into the GPS in Kemery's cellular telephone.

11. Investigators located ROBINSON as his residence. Task Force Officer Tim Spratt read ROBINSON his *Miranda* rights, and ROBINSON agreed to speak with investigators. ROBINSON stated that, on December 4, 2023, he sent Kemery (via his cellular telephone) his address and that he and Kemery had subsequently smoked fentanyl together that ROBINSON had provided. ROBINSON confirmed the CashApp transaction between himself and Kemery but stated that the $21.00 USD was payment for the fentanyl that they smoked together, as well as money for him (ROBINSON) to play a game on his cellular phone. Investigators then showed ROBINSON the Facebook Messenger messages between himself and Kemery on the morning of December 4, 2023, subsequent to their meeting the evening prior. In this message string, ROBINSON is using Facebook username Kalub Robinson with Facebook account "kalub.robinson" with a picture of ROBINSON attached to the

4

account.

> **ROBINSON: U good? Hey (waving hand emoji)**
>
> **KEMERY: yes!!!**
>
> **ROBINSON: Like it**
>
> **ROBINSON: ?**
>
> **KEMERY: yes, sorry I've been on the phone with probation and making doctors appointments but I'm all good and being careful with it!**

12. The cellular telephone provided to investigators was identified by ROBINSON as his cellular telephone (which is the pink iPhone now in the possession of DEA). ROBINSON gave investigators the passcode to his cellular telephone and provided it to investigators. ROBINSON stated that he had only been utilizing that cellular telephone for a few days because he broke his previous phone some time during the past weekend (December 2-3, 2023). ROBINSON showed investigators messages in his cellular telephone between himself and Stickney via the Facebook Messenger app. Stickney was utilizing Facebook username "Jordan Stickney," with Facebook account "100005482546155" on December 6, 2023. In the messages he showed investigators ROBINSON and Stickney discussed using illicit drugs together and detailed how Kemery had interacted with them both (ROBINSON and Stickney) about fentanyl. Stickney wrote, "She was gonna get it no matter what." ROBINSON was subsequently arrested on tribal charges for distribution of fentanyl, and his cellular telephone was seized by DEA investigators.

13. On January 4, 2024, DEA investigators met with Kemery's mother, Adrien Stidham, who provided investigators with account information for a Life360 account, purchased by, and managed by Stidham, that would contain information about the movements of Kemery during the period around her death. Stidham stated that the email address associated with the Life360 account is

5

"akem7397@usao.edu," which is Stidham's email address. Stidham stated that she gave investigators permission to obtain this information and provided her identifiers for the **TARGET ACCOUNT**. Stidham stated that the **TARGET ACCOUNT** contained data involving multiple family members, and that Kemery was associated to the account through cell phone number 405-496-5748. Stidham stated that the account would show the geo-location of the associated users, including Kemery.

14. Information from the **PROVIDER** may provide additional locations traveled by Kemery, including possible locations with video surveillance, and additional evidence of the distribution of CDS leading to the death of Kemery. Therefore, I am requesting a search warrant for the **PROVIDER** to provide this information, if possible, as well as any other data and information known by the **PROVIDER** for the **TARGET ACCOUNT**, including any location data associated with cellular phone number 405-496-5748, tracking Kemery.

15. Based on my training, experience, research, searches and interviews, I know that the telephone used by Kemery had downloaded the application Life360, and that it was connected to an account operated by Kemery's mother Adrien Stidham.

## BACKGROUND ON LIFE360 ACCOUNTS

16. Life360 (**PROVIDER**) offers "Advanced Location Sharing" software that allows members to track and share real-time location information. In addition, **PROVIDER's** "Private Circle" function can be used to "[s]ync your family in a private, invite-only Circle to see each other's real time whereabouts" as well as location history. I am also aware that, according to **PROVIDER's** website, the Life360 app has "in-app chat" capability as well as "smart notifications" that alert users about other users' movements. The app further allows users to "check-in," sending location updates directly to other users. **PROVIDER's** "Drive Details" function records specific driving routes and associated information, such as miles logged, top speed, and driving behavior.

17.     **PROVIDER** tracks locations of account holders. According to **PROVIDER's** website, **PROVIDER** collects and stores user geolocation data, including data collected through a mobile device's GPS, wi-fi, and Bluetooth capabilities, and "driving event data," which includes data from a mobile device's gyroscope, accelerometer, compass, and Bluetooth capabilities.

18.     **PROVIDER** allows its subscribers to access its various devices through an application that can be installed on and accessed via cellular telephones and other mobile devices. This application is associated with the subscriber's Life360 account. In my training and experience, I have learned that when the user of a mobile application installs and launches the application on a device (such as a cellular telephone), the application directs the device in question to obtain a Push Token, a unique identifier that allows the provider associated with the application (such as the Life360 app) to locate the device on which the application is installed. After the applicable push notification service (e.g., Apple Push Notifications (APN) or Google Cloud Messaging) sends a Push Token to the device, the Push Token is then sent to the application, which in turn sends the Push Token to the application's service/provider. Thereafter, whenever the provider needs to send notifications to the user's device, it sends both the Push Token and the payload associated with the notification (i.e., the substance of what needs to be sent by the application to the device). To ensure this process works, Push Tokens associated with a subscriber's account are stored on the provider's server(s).

19.     In summary, based on my training and experience in this context, I believe that **PROVIDER**[1] is likely to control Life360-generated information about its subscribers and their use of

---

[1]     At times, social media providers such as **PROVIDER** can and do change the details and functionality of the services they offer. While the information in this section is true and accurate to the best of my knowledge and belief, I have not specifically reviewed every detail of **PROVIDER**'s services in connection with submitting this application for a search warrant.

Life360 services and other online services. In my training and experience, examining location and other data stored by these applications can uncover, among other things, evidence that reveals or suggests the locations traveled by a subject as well as possibly who the subject encountered in the time period prior to being discovered deceased.

20.  An examination of the information request may reveal the approximate location of Starr's cell phone. Identifying these locations can be used to compel material records from necessary entities, including video footage, additional cellular telephone records, location data, etc. As explained herein, information stored in connection with a Life360 account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.

---

Instead, I rely upon my training and experience, and the training and experience of others, to set forth the foregoing description for the Court.

## CONCLUSION

21. Based on the forgoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on **PROVIDER**, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

22. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

23. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
Brook Wilson
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on January **5**, 2024.

_____
SHON T. ERWIN
United States Magistrate Judge
Western District of Oklahoma

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information that is associated with the Life360 account associated with the email address "akem7397@usao.edu." This account is the "**TARGET ACCOUNT.**" Information associated with the **TARGET ACCOUNT** is stored at premises owned, maintained, controlled, or operated by Life360, Inc., a company that accepts service of legal process at 539 Bryant Street, Suite 402, San Francisco, CA 94107.

# ATTACHMENT B

## Particular Things to be Seized and Procedures to Facilitate Execution of the Warrant

I.  **Information to be disclosed by Life360, Inc. ("PROVIDER") to facilitate execution of the warrant**

To the extent that the information described in Attachment A is within the possession, custody, or control of **PROVIDER**, including any records that have been deleted but are still available to **PROVIDER**, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), **PROVIDER** is required to disclose the following information to the government corresponding to each account or identifier listed in Attachment A:

- For the time period December 01, 2023 at 0001 hours Central Time, to December 05, 2023, at 2359 hours Central Time: all information held by PROVIDER related to the precise geolocation and geolocation history of the user(s) of the Target Account, including IP address and Global Positioning System ("GPS") information and, to the extent known, user-generated names associated with the geographic locations associated with the Account, as that data is collected by PROVIDER in its regular course of business.

Within **14 DAYS** of the issuance of this warrant, PROVIDER shall deliver the information set forth above via United States mail, courier, or e-mail to the following:

Special Agent Brook Wilson at 901 NE 122nd Street, Suite 201, Oklahoma City, OK 73114 or to email address: Brook.J.Wilson@dea.gov

II. **Information to be seized by the government**

All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of 21 U.S.C. § 841, which have been committed and led to the death of J.S., as described in the affidavit submitted in support of this Warrant, including, but not limited to records and information concerning:

a. the identification or location of the user(s) of the Account;

b. how and when the Account was accessed or used, to determine the geographic and chronological context of Account access, use, and events relating to the Subject Offenses and to the Account user(s); and

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the DEA may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.